FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 23, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JANEANNE M.,

               Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY.,

               Defendant.

NO. 2:25-CV-0424-TOR

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

BEFORE THE COURT are the parties' cross-motions for summary judgment (ECF Nos. 15, 16).  Plaintiff is represented by Chad Hatfield.  Defendant is represented by L. Jamala Edwards.  This matter was submitted for consideration without oral argument.  The Court has reviewed the administrative record and the parties' completed briefing and is fully informed.  For the reasons discussed below, Plaintiff's motion is **GRANTED** and Defendant's motion is **DENIED**.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion."  *Id.* at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record."  *Molina v. Astrue*, 674

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 2

F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that [he or she] is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 3

activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"),

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 4

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. § 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 5

step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On October 6, 2021, Plaintiff protectively filed an application for Title XVI supplemental security income benefits, alleging a disability onset date of January 1, 2006.  Tr. 25.  The application was denied initially and on reconsideration.  *Id.* Plaintiff attended a telephonic hearing before an administrative law judge ("ALJ") on June 18, 2024.  Tr. 51-92.  At the hearing, Plaintiff amended the alleged onset date to October 6, 2021.  Tr. 25.

At step one of the sequential evaluation analysis, the ALJ found Plaintiff had not engaged in substantial gainful activity since October, 6, 2021, the application date.  Tr. 27.  At step two, the ALJ found Plaintiff had the following severe impairments: diabetes mellitus, obesity, asthma, bilateral carpal tunnel syndrome, history of lumbar degenerative disc disease, major depressive disorder, generalized anxiety disorder, somatoform disorder, and post-traumatic stress disorder ("PTSD").  Tr. 28.  At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal the severity of a listed impairment.  Tr. 29.  The ALJ then found that Plaintiff had the RFC to perform light work with the following

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 6

limitations:

> [Plaintiff] can stand and/or walk four hours and sit six hours in an eight-hour workday; she would need to alternate between sitting and standing to allow for brief changes in position, but the position changes would be short enough as to not affect productivity; she can occasionally balance, stoop, kneel, crouch, and climb ramps or stairs but can never crawl or climb ladders, ropes, or scaffolds; she can handle and finger frequently with both hands; she should avoid concentrated exposure to extreme cold and airborne particulates (e.g., fumes, odors, dusts, gases); she should avoid all exposure to unprotected heights, hazards, and hazardous machinery; she can perform simple instructions with some detail but nothing complex; she should work away from the public and can have occasional, superficial interactions with co-workers and supervisors; and she should avoid any type of fast-paced assembly work.

Tr. 31.

At step four, the ALJ found that Plaintiff had no past relevant work. Tr. 38. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from a vocational expert, there were other jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as office helper, photocopy machine operator, and mail clerk. Tr. 38-39. The ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from October 6, 2021 through August 16, 2024, the date of the ALJ's decision. Tr. 39.

On August 19, 2025, the Appeals Council denied review (Tr. 1-3), making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. §§ 416.1481, 422.210.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 7

**ISSUES**

Plaintiff seeks judicial review of the Commissioner's final decision denying her supplemental security income benefits under Title XVI of the Social Security Act.  Plaintiff raises the following issues for this Court's review:

1.  Did the ALJ properly evaluate the medical opinion evidence;

2.  Did the ALJ properly consider Plaintiff's subjective symptom testimony; and

3.  Did the ALJ conduct an adequate analysis at step five?

**DISCUSSION**

**A. Medical Opinion Evidence**

Plaintiff argues the ALJ improperly evaluated the medical opinions of Dr. Everhart, PhD, Dr. Jamison, DO, and Jenkins, PA-C.  ECF No. 15 at 8-16.  As Plaintiff filed her Title XVI claim after March 27, 2017, the new regulations in evaluating medical opinion evidence apply.  20 C.F.R. § 416.920c; *see also Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017).

Under the new regulations, the ALJ will no longer "give any specific evidentiary weight . . . to any medical opinion(s)." *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844-01, 5867–68.  Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 8

findings from medical sources.  20 C.F.R. § 416.920c(a)–(b).  The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant, specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" including but not limited to "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements."  20 C.F.R. § 416.920c(c)(1)–(5).

The ALJ is required to explain how the most important factors, supportability and consistency, were considered.  20 C.F.R. § 416.920c(b)(2). These factors are explained as follows:

(1) *Supportability.*  The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency*.  The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c)(1)–(2).

The ALJ may, but is not required to, explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 9

§ 416.920c(b)(2). However, where two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is required to explain how "the most persuasive factors" were considered. 20 C.F.R. § 416.920c(b)(2).

These regulations displace the Ninth Circuit's standard that require an ALJ to provide "specific and legitimate" reasons for rejecting an examining doctor's opinion. *Woods v. Kijakazi,* 32 F.4th 785, 787 (9th Cir. 2022).

*1. Joyce Everhart, PhD*

Psychologist Dr. Everhart evaluated Plaintiff on February 17, 2022 and stated Plaintiff

> is likely to have difficulty dealing with the usual stresses that occur in a regular work setting. She is likely to have difficulty maintaining regular attendance during a five day forty hour work week without interruption due to psychological symptoms. She has limited ability to maintain appropriate relationships with the public, supervisors, and co-workers on a sustained basis. She is likely to do best if she does not have to interact closely with the public, supervisors, or co-workers. She does not need help to manage her funds in her own best interest.

Tr. 491-495.

The ALJ found Dr. Everhart's opinion not persuasive because she used "only vague terms (e.g., likely have difficulty, limited ability) relating to [Plaintiff's] functioning. Such terminology does not provide sufficient support to

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 10

conclude the claimant is specifically limited in any particular area." Tr. 35-36. Plaintiff argues that the ALJ failed to properly evaluate both the consistency and supportability of Dr. Everhart's opinion. ECF No. 15 at 9. The Court agrees.

The ALJ was required to explain how both the supportability and consistency factors were considered in evaluating Dr. Everhart's opinion. The ALJ's failure to do so was error, and the Court cannot conclude such error was harmless. Dr. Everhart opined that Plaintiff would have difficulty maintaining regular attendance during a five day forty hour work week. The RFC does not account for any allowance of off-task behavior or missed work within a regular work week. Further, the vocational expert testified that unscheduled breaks of approximately thirty minutes on an ongoing basis would rule out competitive employment without some level of accommodation. Tr. 87. The expert also testified that absenteeism of twenty percent or greater was work preclusive. Tr. 88.

*2. Dr. Jeff Jamison, D.O.*

Dr. Jamison evaluated Plaintiff's physical functioning on March 5, 2022. Tr. 504-509. Dr. Jamison concluded Plaintiff could sit for four hours in an eight hour work day, could lift/carry twenty pounds occasionally and two and a half pounds frequently, and any postural activities precluded kneeling, bending, crawling, and stooping. Tr. 508. The ALJ found Dr. Jamison's opinion partially persuasive but concluded no findings supported his opinion that Plaintiff was

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 11

limited to four hours of sitting, lifting two and a half pounds frequently, and precluded from stooping, kneeling, and bending.  Tr. 36-37.

Plaintiff argues the ALJ legally erred in addressing the supportability and consistency factors and simply offered her own conclusions.  ECF No. 15 at 11. Plaintiff contends Dr. Jamison's findings support the opined limitations.  *Id.* at 11-12.  The Court agrees.

Dr. Jamison's examination revealed a diminished lumbar range of motion and reported Plaintiff's lumbar flexion was limited to thirty degrees, extension to five degrees, and left/right rotation and right/left side bending to ten degrees.  Tr. 508.  Dr. Jamison also observed mild palpable tenderness of Plaintiff's spine.  Tr. 506.  Additionally, Plaintiff presented with a slow, wide gait with "a little bit of a limp on the left, even when she doesn't know she is being observed."  Tr. 507. This supports Dr. Jamison's opinion that Plaintiff was functionally precluded from stooping, kneeling, and bending.  Therefore, the Court finds that the ALJ's conclusion that "nothing in [Dr. Jamison's] findings . . . support a preclusion from stooping, kneeling, and bending" without further explanation is not supported with substantial evidence.  Tr. 37.

The ALJ also failed to address the consistency factor in its entirety.  Dr. Jamison's opinion appears to be consistent with other medical evidence of the record.  For example, Plaintiff presented for an office visit on April 13, 2022,

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 12

complaining of chronic left hip pain and using a cane to ambulate.  Tr. 771.  An examination revealed palpable tenderness of the bilateral SI joint, and "TTP of acetabular femoral joint bilaterally.  TTP of right tensor fasciae latae extending entire length of IT band."  *Id.*  Plaintiff was assessed with chronic low back pain with bilateral sciatica and was referred to physical therapy.  *Id.*  On October 5, 2022, Plaintiff was seen for her chronic low back and hip pain and was observed with an antalgic gait.  Tr. 702.  And on December 20, 2023, Plaintiff complained of intermittent right leg numbness that had been ongoing for several months.  Tr. 895.

The ALJ's error in failing to adequately address the supportability and consistency factors in discounting Dr. Jamison's opinion was again not harmless as the RFC presented to the vocational expert notes that Plaintiff can occasionally stoop, kneel, and crouch.  Tr. 31, 84.  Therefore, on remand the ALJ will reevaluate Dr. Jamison's opinion.

*3. Christopher Jenkins, PA-C*

PA-C Jenkins, a treating provider of Plaintiff, completed a medical report in June 2024.  Tr. 1038-1040.  PA-C Jenkins reported that Plaintiff suffered from PTSD, major depressive disorder, bipolar I, insomnia, generalized anxiety disorder, and chronic lower back pain.  Tr. 1038.  He noted that Plaintiff must lie down one to two hours, twice per day, and would more likely than not miss some

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 13

work due to her medical impairments if she was working a forty-hour per week schedule. Tr. 1038, 1039. PA-C Jenkins also opined that Plaintiff was limited to sedentary work and would be off task for over thirty percent during a forty-hour work week unless she was working from home. Tr. 1039-1040.

The ALJ did not find PA-C Jenkins's opinion persuasive because he only recently started treating Plaintiff for carpal and cubital tunnel release but offered opinions on Plaintiff's mental health and lower back pain. Tr. 37. The ALJ also discounted the opinion because at least one of the limitations assessed was based solely on Plaintiff's self-reports. *Id.*

Plaintiff argues that the ALJ did not adequately address the supportability or consistency of PA-C Jenkins's opinion. The Court again agrees. The ALJ did not explicitly address supportability or consistency but summarily discounted PA-C Jenkins's opinion. First, the ALJ seemingly implies that because PA-C Jenkins only recently began treating Plaintiff for her carpal and cubital tunnel release, he was not qualified to opine on Plaintiff's mental health and lower back pain. Tr. 34. However, PA-C Jenkins was also treating Plaintiff for her major depressive disorder, bipolar I, PTSD, and chronic lower back pain. Tr. 953, 950-951, 956. The ALJ provided no reasoning on why PA-C Jenkins was not qualified to assess Plaintiff's other impairments he was providing treatment for.

Next, the ALJ discounted the opinion because "at least one" of the

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 14

limitations was based on Plaintiff's self-reports.  Tr. 37.  An ALJ may discount a medical source's opinion if it is based "to a large extent" on a claimant's self-reports rather than "clinical evidence, and the ALJ finds the [claimant] not credible."  *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008)).  Here, the ALJ did not find PA-C Jenkins's opinion was based to a large extent on Plaintiff's self-reports but only noted that Plaintiff's need to lie down and/or elevate her legs once or twice a day for one to two hours was "per her report." Tr. 37.  Thus, the ALJ did not properly discount PA-C Jenkins's opinion per this reasoning.  Furthermore, as discussed below, the ALJ did not properly discount Plaintiff's symptom testimony in any event.  Finally, the ALJ failed to addressed the consistency factor at all.

Accordingly, the ALJ's reasoning in discounting PA-C Jenkins's opinion was not supported by substantial evidence.

**B. Plaintiff's Subjective Symptom Testimony**

Plaintiff asserts the ALJ improperly rejected Plaintiff's subjective symptom testimony.  ECF No. 15 at 16-19.  An ALJ engages in a two-step analysis to determine whether a claimant's subjective symptom testimony can be reasonably accepted as consistent with the objective medical and other evidence in the claimant's record.  SSR 16-3p, 2016 WL 1119029, at *2.  "First, the ALJ must

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 15

determine whether there is 'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Molina*, 674 F.3d at 1112 (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). "The claimant is not required to show that her impairment 'could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.'" *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why he or she discounted claimant's symptom claims). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 16

The ALJ is instructed to "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2. When evaluating the intensity, persistence, and limiting effects of a claimant's symptoms, the following factors should be considered: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *7-8; 20 C.F.R. § 416.929(c)(3).

Here, the ALJ found Plaintiff's impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the evidence. Tr. 32-33.

As to the intensity and persistence of Plaintiff's impairments, the ALJ found the objective medical findings did not support the level of limitation Plaintiff alleges. Tr. 33. Plaintiff reported to her medication manager in September 2021

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 17

an overall improvement in her mood disorder, sleep and PTSD symptoms. Tr. 33. However, Plaintiff's PHQ-9 and GAD-7 scores in October 2022 and March 2023 suggested severe depression and anxiety. *Id.* Additionally, Plaintiff reported in October 2022 that she was feeling more anxious and had passive suicidal ideation. *Id.* The ALJ then noted that the remainder of the records had very little evidence related to Plaintiff's mental health. *Id.* The ALJ also relied on medical expert Dr. Malancharuvil's hearing testimony that Plaintiff could perform moderately detailed tasks in a routine work setting but not fast-paced work. *Id.* The ALJ concluded that the medical records "support no more than moderate limitation in any 'B' criteria as described above, and [Dr. Malancharuvil's] conclusions are consistent with the claimant's presentation to treating providers." Tr. 33.

An ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch*, 400 F.3d at 680. However, the objective medical evidence is a relevant factor, along with the medical source's information about the claimant's pain or other symptoms, in determining the severity of a claimant's symptoms and their disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. § 416.929(c)(2).

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 18

The ALJ also relied on Plaintiff's reported daily activities in discounting her testimony.  Tr. 45.

> The claimant stated in her Disability Report she babysat her grandson, did laundry, and cared for two cats (3E/2).  She stated she could go out alone, and she drives a car (3E/4).  She is able to handle all funds, and she uses a computer to shop.  She plays role-playing games with others in person on a weekly basis, and she reported playing a video game system with controllers that require handling and fingering (3E/5).

Tr. 35.

The ALJ does not explain how these reported daily activities are inconsistent with Plaintiff's testimony other than noting that Plaintiff's "own statements suggest functioning greater than what she alleges."  Tr. 35.  Moreover, none of the relied on activities appear to be inconsistent with Plaintiff's testimony that she could only stand for thirty minutes at a time before her back began hurting and her legs would go numb requiring her to elevate them for one to two hours twice per day.  Tr. 72-73, 75.  Rather, she reported in the function report that it hurt to stand to do dishes, vacuum, sweep or mop and she had to sit when cooking a meal.  Tr. 328.  Additionally, Plaintiff testified that she could not be around large groups of people in public without having a panic attack (Tr. 71-72) which is consistent with Plaintiff's function report that she is closed off and cannot be in public without having a panic attack and only goes out once every two weeks.  Tr. 329-330.  Finally, Plaintiff testified at the hearing and reported in the function report that she

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 19

could not lift more than twenty pounds without experiencing pain.  Tr. 73, 331. Accordingly, the ALJ has not provided clear and convincing reasons to discredit Plaintiff's testimony based on her reported daily activities.

## C. Step Five Determination

Plaintiff argues that the ALJ's RFC determination that Plaintiff was limited to occasional, superficial interaction with supervisors was disabling because a claimant cannot learn a job or progress past the training period with such limitation.  ECF No. 15 at 19.  However, this limitation was included in the hypothetical the ALJ provided to the vocational expert who concluded there were jobs Plaintiff could still perform without mention of a training-period caveat.  *See Leitz v. Kijakazi*, No. 22-35356, 2023 WL 4342114, at \*3 (9th Cir. July 5, 2023) ("[T]he vocational expert clearly testified that Leitz would not have the RFC to perform the any of the available jobs unless her RFC included the training-period caveat.").  Therefore, the ALJ did not err on this basis.  However, the ALJ must make a new step five determination on remand based on the errors discussed above.

## D. Remand

Plaintiff urges the Court to remand this case for an immediate award of benefits.  ECF No. 15 at 20-21.

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 20

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985)). When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"). However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met. *Garrison*, 759 F.3d at 1020 (citations omitted). Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court will remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). Even where the three prongs have been satisfied, the Court will not remand for immediate payment of benefits if "the record as a

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 21

whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

"Administrative proceedings are generally useful where the record has not been fully developed, there is a need to resolve conflicts and ambiguities, or the presentation of further evidence may well prove enlightening in light of the passage of time." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014) (internal citations and quotations omitted). Here, further proceedings are necessary because there remains conflicting medical opinions as to Plaintiff's functionality. even if the opinions of Dr. Wachsmuth and Dr. Shadrach were fully credited, the ALJ would still need to resolve their conflicts with other credited medical opinion evidence in the record. Therefore, remand for further proceedings is appropriate.

Upon remand, the ALJ should further develop the record and issue a new decision. The ALJ should reevaluate Plaintiff's credibility; the medical opinion evidence; Plaintiff's RFC; and, if necessary, Plaintiff's ability to perform work at steps four and five.

//

//

//

//

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 22

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 15) is **GRANTED**.

2. Defendant's Motion for Summary Judgment  (ECF No. 16) is **DENIED**.

3. Pursuant to sentence four of 42 U.S.C. § 405(g), this action is

**REVERSED** and **REMANDED** to the Commissioner for further proceedings

consistent with this Order.

The District Court Executive is directed to enter this Order, furnish copies to

counsel, enter **JUDGMENT** for Plaintiff, and **CLOSE** the file.

DATED June 23, 2026.



THOMAS O. RICE
United States District Judge

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ~ 23